■ AVANT GRAPHICS LTD., Doing Business as GRAPHIC DETAILS, et al., Respondents, v UNITED REPROGRAPHICS, INC., et al., Appellants. [676 NYS2d 160] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about July 29, 1997, which denied defendants' motions pursuant to CPLR 3211 (a) (7) and 3016 (a), to dismiss the complaint, unanimously modified, on the law, and defendants' motions granted to the extent of dismissing the first cause of action for tortious interference with contract or business relations and the fourth cause of action for defamation, with leave to replead the latter, and otherwise affirmed, without costs.

In this action between competitors in the reprographics industry, in which it is alleged that defendants, acting in concert, attempted to prevent plaintiff from obtaining "responsible lowest bidder status" on two contracts with the New York City Housing Authority and the City Department of General Services, we agree with the IAS Court that plaintiff has sufficiently pleaded its second cause of action for tortious interference with its prospective contractual relationships with the two City agencies; its third cause of action pursuant to the Donnelly Act (General Business Law § 340) for monopoly or an unreasonable restraint on competition; and, its fifth cause of action asserted under the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 *et seq.* [RICO]). However, its first cause of action fails to state a cause of action for tortious interference with contract or business relations, which requires: (1) the existence of a valid contract, (2) defendants' knowledge of the contract, (3) defendants' intentional interference with the contract and a resulting breach, and (4) damages (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424). In this case, plaintiff had no contract with either the Housing Authority or the Department of General Services at the time of the purported interference. All it had was a determination that it was the lowest bidder. As such, this cause of action must fail (*see, NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614), although the complained of acts are really subsumed in the second cause of action. Moreover, plaintiff's fourth cause of action for business defamation must be dismissed with leave to replead inasmuch as the affidavit of plaintiff's principal and the accompanying exhibits are insufficient to overcome the failure of the complaint to set forth the particular words alleged to be defamatory as required by CPLR 3016 (a). Concur—Milonas, J. P., Nardelli, Wallach and Andrias, JJ.